FORM B9A (Individual–No Asset)(4/15/13)

| UNITED STATES BANKRUPTCY COURT<br>District of Oregon | U.S. BANKRUPTCY COURT<br>DISTRICT OF OREGON<br>**F I L E D**<br>April 26, 2013<br>Clerk, U.S. Bankruptcy Court<br>BY DEPUTY |
|---|---|
| Notice of Chapter 7 Bankruptcy Case, Meeting of Creditors, Deadlines, *Proposed Case Dismissal,* and Trustee Appointment | |

A chapter 7 bankruptcy case concerning the debtor(s) named below was **FILED ON 4/25/13**. You may be a creditor of the debtor(s). **This notice lists important deadlines.** You may want to consult an attorney to protect your rights. Case documents may be viewed online or at the clerk's office, or requested through the mail.

**SEE REVERSE SIDE FOR IMPORTANT EXPLANATIONS**

| Debtor(s) (name(s) and address):<br>**Brandon Gregory Sikes**<br><br>7893 27th Street<br>White City, OR 97503 | Case Number: **13–61480–tmr7** |
|---|---|
| | Last four digits of Social–Security or Individual Taxpayer–ID(ITIN) No(s)./Complete EIN:<br>xxx–xx–2433 |
| | Debtor(s) Attorney:<br>BRANDON K RENNIE<br>336 W. 6th St.<br>Medford, OR 97501<br>Telephone No.:  (541) 414–0300 |
| | Trustee:<br>Joseph M Charter<br>258 "A" Street, Suite 1–64<br>Ashland, OR 97520<br>Telephone No.:  541–488–9556 |

**Meeting of Creditors**

**6/3/13** at **08:30 AM** in **US District Courtroom, US Courthouse, 310 W 6th St, Medford, OR 97501**

**Presumption of Abuse under 11 USC §707(b) (See "Presumption of Abuse" on the reverse side)**

The presumption of abuse does not arise.

**Deadlines – Documents must be *received* by the bankruptcy clerk's office by the following deadlines:**

Deadline to Object to Debtor's Discharge or to Challenge Dischargeability of Certain Debts: **8/2/13**

Deadline to Object to Exemptions: 30 days after the conclusion of the meeting of creditors.

**Creditors May Not Take Certain Actions**

In most instances, the filing of the bankruptcy case automatically stays certain collection and other actions against the debtor(s) and the debtor(s)' property. Under certain circumstances, the stay may be limited to 30 days or not exist at all, although the debtor(s) can request the Court to extend or impose a stay. If you attempt to collect a debt or take other action in violation of the Bankruptcy Code, you may be penalized. Consult a lawyer to determine your rights in this case.

**Notices Re Proposed Dismissal of Case/Undue Hardship Presumption; and Abandonment of Debtor's Residence (Real Property)**

**YOU ARE NOTIFIED:** (1) This case may be dismissed without further prior notice if the debtor(s) fail to complete the meeting of creditors, timely file any documents, or make fee payments ordered by the Court, unless within 21 days of the above "FILED" date a party in interest files a written objection to dismissal, setting forth specific grounds, with the Court and sends copies to the debtor(s)' attorney (or debtor(s) if pro se) and trustee; and (2) Any presumption of undue hardship that may exist in a reaffirmation agreement filed by the debtor(s) shall remain in effect until the effective date of any discharge order entered in this case unless a party in interest objects by **6/24/13**.

**YOU ARE FURTHER NOTIFIED** that at least 5 days prior to the date of the meeting of creditors, any party in interest who objects to abandonment of the debtor(s)' residence (real property) must file with the Court a written objection and serve a copy on the debtor(s) and debtor(s)' attorney. If no timely objection is filed, the trustee can abandon the property at or after the meeting of creditors upon request of the debtor(s) or mortgage creditor without any further notice requirement. Mortgage creditors are authorized to negotiate a loan modification with a debtor either before or after the meeting of creditors, but any modification reached cannot become effective until the property is abandoned. Mortgage creditors may use the procedure outlined in LBF #751.7, available at www.orb.uscourts.gov, to obtain such abandonment. A creditor's contact with the debtor(s) and/or debtor(s)' attorney to effect a modification shall not be considered a violation of the automatic stay of 11 USC §362. Negotiations with represented debtors must be with debtor(s)' counsel who may consent to the creditor communicating directly with the debtor(s).

**Creditor with a Foreign Address**

Please read the information under "Do Not File A Proof of Claim at This Time" on the reverse side.

**Trustee Appointment**

The trustee named above is hereby appointed as interim trustee in this case. Such trustee's bond shall be the blanket bond heretofore approved and filed with the U.S. Bankruptcy Court Clerk.                                                                    UNITED STATES TRUSTEE

*DO NOT FILE A PROOF OF CLAIM UNLESS YOU RECEIVE A NOTICE TO DO SO!*

FORM B9A (4/15/13)

# EXPLANATIONS

| | |
|---|---|
| **Filing of Chapter 7 Bankruptcy Case** | A bankruptcy case under chapter 7 of the Bankruptcy Code (Title 11, United States Code) has been filed in this Court by the debtor(s) named in this notice, and an order for relief has been entered. |
| **Relief from Stay** | Requests for *non–*judicial relief from the stay of Bankruptcy Code §362(a), limiting actions to recover debtor(s)' property, must comply with Local Form #715. Requests for judicial relief must comply with Local Form #720.50. |
| **Creditors May Not Take Certain Actions** | Prohibited collection actions are listed in Bankruptcy Code §362. Common examples of prohibited actions include contacting the debtor(s) by telephone, mail or otherwise to demand repayment; taking actions to collect money or obtain property from the debtor(s); repossessing the debtor(s)' property; starting or continuing lawsuits or foreclosures; and garnishing or deducting from the debtor(s)' wages. Under certain circumstances, the stay may be limited to 30 days or not exist at all, although the debtor(s) can request the Court to extend or impose a stay. |
| **Presumption of Abuse** | If the presumption of abuse arises, creditors may have the right to file a motion to dismiss the case under §707(b) of the Bankruptcy Code. The debtor(s) may rebut the presumption by showing special circumstances. |
| **Meeting of Creditors** | The meeting of creditors is scheduled for the date, time and location listed in this notice. **The debtor(s) (both debtors in a joint case) must be present at the meeting to be questioned under oath by the trustee and by creditors or this case may be dismissed.** Creditors are welcome to attend, but are not required to do so. The meeting may be continued and concluded at a later date without further notice.<br><br>Debtor(s) must provide a photo ID (e.g., driver's license; federal, state, student or military ID; U.S. passport; or resident alien card). Debtor(s) must also provide proof of reported social security number (e.g., social security card; medical insurance card; pay stub; W–2 form; IRS form 1099; or Social Security Admin. report). **Original photo IDs and other documents are required.** |
| **Do Not File a Proof of Claim at This Time** | There does not appear to be any property available to the trustee to pay creditors. You therefore should **not** file a Proof of Claim at this time. If it later appears that assets are available to pay creditors, you will be sent another notice telling you that you may file a Proof of Claim and the deadline for filing your Proof of Claim. If this notice is mailed to a creditor at a foreign address, the creditor may file a motion requesting the Court to extend the deadline. |
| **Discharge of Debts** | The debtor is seeking a discharge of most debts, which may include your debt. A discharge means you may never try to collect the debt from the debtor(s). If you believe the debtor is not entitled to receive a discharge under Bankruptcy Code §727(a) *or* a debt owed to you is not dischargeable under Bankruptcy Code §523(a)(2), (4), or (6), you must file a complaint –– or a motion if you assert that the discharge should be denied under §727(a)(8) or (a)(9) –– with the Court by the "Deadline to Object to Debtor's Discharge or to Challenge the Dischargeability of Certain Debts" listed in this notice. The bankruptcy clerk's office must receive the complaint or motion and any required filing fee by that deadline. |
| **Exempt Property** | The debtor is permitted by law to keep certain property as exempt. Fully exempt property will not be sold and distributed to creditors. The debtor must file a list of all property claimed as exempt. If you believe that an exemption claimed by the debtor is not authorized by law, you may file an objection to that exemption. The Court must receive the objection by the "Deadline to Object to Exemptions" listed in this notice. |
| **Bankruptcy Clerk's Office (Document Filing, Viewing and Copies)** | Any paper document that you file in this case must be filed at the bankruptcy clerk's office at:<br><br>U.S. Bankruptcy Court     Phone: 541–431–4000     Office Hours: 9:00AM–4:30PM<br>405 E 8th Ave #2600<br>Eugene, OR 97401<br><br>You may view or obtain filed documents, including the list of the debtor's property and debts and the list of the property claimed as exempt, as follows:<br>1. Online by obtaining a PACER account at www.pacer.gov.<br>2. In person at the clerk's office.<br>3. Via mail by submitting a written request with the applicable search and copy fees and a self–addressed, stamped envelope. |
| **Court Information and Legal Advice** | Court information is available at **www.orb.uscourts.gov**. For account numbers, etc. contact the debtor's attorney. Contact your own attorney with other questions and to protect your rights. The clerk's office staff is forbidden by law from giving legal advice. |
| **Creditor with a Foreign Address** | Consult a lawyer familiar with United States bankruptcy law if you have questions about your rights in this case. |

–– Refer to Other Side for Important Deadlines and Notices ––